**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERNATIONAL BUSINESS MA-**
**CHINES CORPORATION,**
**Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York.

Jan. 30, 1976.

U. S. Dept. of Justice, Antitrust Division, for United States.

Cravath, Swaine & Moore, New York City, for defendant IBM.

■ Plaintiff has recently made three motions to this court. On January 6, 1976, plaintiff moved for an order allowing the addition of three trial witnesses, Messrs. Wallace B. Askins, Rigdon Currie, and Harvey Cohen. Plaintiff seeks this addition, it states, because the "witnesses sought to be added are persons whose testimony, in light of developments which have occurred since the beginning of trial, namely the exit of the Xerox Corporation from the mainframe computer business, is deemed essential by the plaintiff for a full exposition of the facts in this litigation." With the consent of the court and of defendant plaintiff moved orally on January 21, 1976 to add three more Xerox witnesses: Messrs. C. P. McColough, Donald McKee and Jack King. The scope of the testimony to be elicited from these witnesses is asserted to be similar to that of the other three Xerox witnesses. Transcript of January 21, 1976 at 11331–11335.[1] On January 16, 1976 plaintiff moved for further discovery by deposition of Robert S. Jackson, an IBM employee and former manager of IBM's Market Evaluation Department of the Data Processing Group. Plaintiff seeks to conduct this deposition concurrently with an already noticed deposition of Mr. Jackson scheduled on February 2, 1976 in another case, *In re IBM Peripheral Devices Antitrust Litigation.* Plaintiff asserts that through recent discovery in this other case it has learned of the nature, scope, limited distribution, and importance of the work done by the Market Evaluation Department of which Mr. Jackson was the manager during the period 1967–1974. This further discovery, states plaintiff, would elaborate upon a document already in evidence and would develop a similar record

1. Defendant filed one set of opposition papers opposing both the motion of January 16, 1976 and the motion of January 21, 1976. Although plaintiff subsequently filed written motion papers regarding its January 21, 1976, motion, defendant has indicated it would not file additional papers opposing the January 21, 1976 motion. Transcript of January 28, 1976 at 11948–11949. The court, therefore, need not defer its decision. Transcript of January 28, 1976 at 11949.

on which to base the introduction of other documents prepared by the Market Evaluation Department.

Although defendant's papers purport to oppose the addition of these witnesses, the thrust of their opposition is to the scope of the testimony which defendant conjectures will be adduced from them. Defendant conceded this in its statement to the court on January 26, 1976:

THE COURT:

The real problem, as I understand it, is not adding these additional witnesses, but the scope of the testimony which the Government indicates it would like to adduce from them.

Isn't that so?

MR. BARR: You are correct.

Transcript of January 26, 1976 at 11622. The best way to determine the relevant and admissible scope of these witnesses' testimony is during the course of trial. Plaintiff's motions to add witnesses are granted.

As to the further discovery of Mr. Jackson, defendant asserts no opposition which persuades this court to deny plaintiff's motion.

So ordered.