**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York.

Jan. 12, 1978.

---

U. S. Dept. of Justice, Antitrust Division, Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## OPINION

EDELSTEIN, Chief Judge:

Plaintiff has moved the court for an order (1) requiring defendant to submit a final list of trial witnesses in the order in which the witnesses will appear; (2) prohibiting defendant from adding witnesses to that list except upon motion for good cause shown made no less than 90 days prior to the witness' scheduled appearance; (3) prohibiting defendant from dropping any witness or from changing the order of appearance of any witness except upon motion for good cause shown made no less than 45 days prior to the witness' scheduled appearance; and (4) providing that defendant may, in particular instances, seek an order upon motion for good cause shown shortening the above notice provisions.

Plaintiff, in support of its motion, argues that statements by defendant concerning the substance and sequence of defendant's direct case have been constantly shifting leaving plaintiff with no scheme upon with plaintiff may rely in its trial preparation. Plaintiff alleges that defendant's shifting positions are a "series of maneuvers apparently designed to impede plaintiff's plans for orderly discovery and other trial preparation."

Defendant opposes entry of such an order claiming that it would be fundamentally unfair to defendant because "nothing remotely resembling that order applied to plaintiff's direct case." Defendant also contends that it would be impossible for it to comply with the order proposed by plaintiff because "plaintiff's case is not finished and new issues are being raised almost daily by plaintiff's witnesses." Defendant further claims an "unfettered right" to name "rebuttal witnesses" at the close of plaintiff's case pursuant to the parties' agreed to Schedule for Completion of Discovery.

Defendant's remonstrance concerning the fundamental unfairness of such an order does not accurately reflect the record of this case or the contents of plaintiff's motion papers. Entirely omitted from defendant's papers is reference to the requirement, already imposed on both parties, that leave of court to add or delete witnesses be sought by formal application on appropriate motion. See *United States v. International Business Machines Corporation,* 69 Civ. 200 (DNE) Endorsement (S.D.N.Y., dated October 18, 1976) (granting plaintiff's Application to delete Alan F. Shugart from plaintiff's witness list); id., 69 F.R.D. 533 (S.D. N.Y.1976) (granting plaintiff's motion to add witnesses to plaintiff's witness list). The court also finds totally without merit defendant's contention that such an order could not be fairly entered until the conclusion of plaintiff's direct case. Defendant, in support of this contention, presents the court with the straw man argument that such an order would "as a practical matter require IBM now to freeze its direct case . . . [while] at the same time plaintiff would remain free to raise at trial any issues it chose. . . ." Plaintiff's papers nowhere express the intent to preclude defendant from adding witnesses defendant may wish to call in its direct case in respect to that portion of plaintiff's direct case not yet presented. This contention as well as others similarly premised on the view that

plaintiff seeks to "freeze" defendant's witness list, is viewed by the court as an attempt to obscure the issues presented by this motion. The court will not allow itself to become mired in a discussion of each of defendant's similarly premised contentions, but rather will address directly the merit *vel non* of plaintiff's motion.

This motion presents the court with the issue of whether defendant has fulfilled its continuing obligation to provide both to its adversary and to the court current, good faith expressions of the persons to be called as witnesses and the order in which they are expected to be called. The court has recognized the difficulty in this case of holding the parties to "decimal point perfection" on their ability to forecast which witnesses will be called in what order. Transcript of April 1, 1977, at 44165–66. Further, throughout the duration of this trial, this court has been determined to maintain sensitivity towards both the professional and personal needs of witnesses and counsel. The court does not believe that either party desires that this sensitivity give way in favor of a more rigid trial schedule. This court will never tolerate, however, the use of witness lists for the strategic purpose of impeding an adversary's trial preparation.

Defendant has made numerous statements to the court and to the plaintiff which indicate that its formal list of witnesses, dated June 3, 1974, is no longer an accurate reflection of defendant's direct case. See Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Final List of Defendant's Trial Witnesses at pp. 2–3; Affidavit of Thomas D. Barr, dated October 17, 1977 at ¶¶ 30, 32. Defendant has recently provided plaintiff and the court with an informal list of the first part of IBM's direct case. This tentative list contains documents and testimony defendant now intends to offer and the witnesses that defendant intends to call as the first part of its direct case. Defendant has not, however, formally sought to update its witness list of June 3, 1974. Defendant is, therefore, directed to provide no later than January 31, 1978, a current list of its trial witnesses in the order in which those witnesses are expected to appear. Such list shall include (a) the name of the witness, (b) his business address, (c) the name and address of his organization, (d) his position with his organization, (e) areas of testimony, (f) areas of expert testimony, and (g) expected length of direct examination.

Defendant will, of course, be bound to comply with the directions of this court by seeking additions or deletions to the witness list herein ordered to be submitted by formal application on appropriate motion. As the witness list shall include not only the names of witnesses but the order in which they are to be called, any changes in the order in which witnesses will be called shall also be by formal application on appropriate motion.

The court will not, at this time, impose the notice provisions sought by plaintiff with respect to the time periods within which such applications can be made to the court. Counsel, in support of applications to add or delete witnesses or change the order in which witnesses will be called, shall provide a statement of the facts which give rise to the application sufficient for the court to determine whether the application provides the maximum possible notice that can be given to the other party.

The court requires that the standard of "maximum possible notice that can be given to the other party" be complied with literally and the court will not hesitate to take appropriate measures should it appear that applications to add or delete witnesses or change the order in which witnesses will be called are being made on other than good faith bases giving full effect to the spirit and intent of this order.

Plaintiff's motion is granted in part and denied in part consistent with this opinion.

So ordered.